# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL D. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 14-CV-2229 |
| | ) | |
| DAN MADIGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

**JAMES E. SHADID, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his incarceration in Vandalia Correctional Center.  His case was dismissed on December 31, 2014, for failing to respond to the Court's order for more information about his allegations.  On January 5, 2015, Plaintiff filed a letter stating that he had not been able to provide the information requested because he had not been able to access the library.  The Court gave Plaintiff an opportunity to file a motion to reopen this case, which Plaintiff did, but not before Plaintiff had filed a notice of appeal challenging the Court's dismissal.  Plaintiff's motion to reopen this case was granted March 2, 2015.

Plaintiff has filed a petition to proceed in forma pauperis on appeal.  (19).  He was given time to submit his reasons for

appealing, but instead he filed a letter requesting copies of the documents he filed so that he can explain his reasons for appealing and to support the reopening of his case.

A good faith basis for appeal is an appeal that "a reasonable person could suppose... has some merit." <u>Walker v. O'Brien</u>, 216 F.3d 626, 632 (7th Cir. 2000). The Court does not see a reasonable argument for appeal because Plaintiff's motion to reopen this case was granted. This case will proceed pursuant to the standard procedures. Plaintiff may appeal the Court's rulings after a final judgment in this case. Plaintiff's petition to appeal in forma pauperis will therefore be denied.

When Plaintiff filed his motion to reopen, he provided some more information about his claim, which the Court considers along with Plaintiff's complaint. Plaintiff alleges that he suffers from "chronic back pain, spinasosa,[1] and schizophrenia." (d/e 21). He was alleges in his motion to reopen that he was denied Naproxen, an anti-inflammatory pain medicine, during his detention in the Champaign County Jail. His complaint alleges that he was denied his medications for all his conditions. The medication

---

[1] Plaintiff may mean "spinal stenosis."

administration record filed by Plaintiff indicates that he is receiving or has received Zoloft, Risperdal, and Vistaril.  Id.

A constitutional claim for deliberate indifference to Plaintiff's serious medical needs will proceed at this point, based on Plaintiff's allegations that he repeatedly asked for and was denied necessary medications to treat his serious medical conditions.

However, Plaintiff has incorrectly sued Dan Madigan as the Champaign County Sheriff.  The Champaign County Sheriff is Dan Walsh.  Dan Walsh will be substituted for Dan Madigan. Plaintiff should know that the Sheriff cannot be held liable unless the Sheriff participated in, facilitated, or knowingly approved of the alleged constitutional violations.  Matthews v. City of E. St. Louis, 675 F.3d 703, 708 (7th Cir.2012).  The Sheriff cannot be held liable solely because the Sheriff is in charge.  Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).

**IT IS THEREFORE ORDERED:**

1)    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a possible constitutional claim for deliberate indifference to his serious

medical needs arising from Defendants' refusal to provide Plaintiff necessary medications during Plaintiff's detention in the Champaign County Jail.  This case proceeds solely on the claim identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)    This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status

of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6)     This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)     Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8)     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

9)    If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11)   **The Court certifies that Plaintiff's motion for leave to proceed on appeal in forma pauperis (19) is not taken in good faith because this case has been reopened and is proceeding pursuant to the standard procedures.  The motion is therefore denied (19).**  If the plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within 30 days after service of this order.  See Fed.R.App.P. 24(a).

12)    The Clerk is directed to send a copy of this order to the Seventh Circuit Court of Appeals.

13)    The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14)    Defendant Madigan is dismissed because he is not the Champaign County Sheriff.  The clerk is directed to terminate Defendant Madigan.

15)    The clerk is directed to add Dan Walsh as a Defendant, who is the current Champaign County Sheriff.

16)    The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.

17)    Plaintiff's motion for free copies of his filings is denied (22).

ENTERED: 5/27/2015

    s/James E. Shadid
    JAMES E. SHADID
    UNITED STATES DISTRICT JUDGE